Judge Graham
delivered the opinion of the Court.
The only subject of inquiry in this case is, the suffiU ciency of the plaintiff’s declaration. The several counts are in assumpsit, and but one exception to the form or substance of either of them has been taken. It is insisted that the declaration is in tort upon a cause of action ex contractu. It commences by stating that the plaintiff complains of the defendant, "in custody &c. of a plea of trespass on the case, for that heretofore, &c.” The modern form of declaring in assumpsit is, to begin the declaration by the words, “action of trespass on the case on promises,” or words of like import. The precedents in Chitty, Archbold, &c., prescribe that form. Anciently, however, it was not so. Trespass on the case, in its most comprehensive signification, includes assumpsit as well as an action in form, ex delicto, (1 Chit., 151;) and declarations formerly commenced with the words, “ trespass on the case,” omitting the words, on promises. It is true, in the cases referred to by the defendant’s counsel, where a statute authorizes “an action on the case,” it shall be understood to mean an action in tort, and not in contract, and.we admit that where actions by parné are spoken of, an action “on the case” should be construed to mean an action in tort. But we think it would be extending the rule too far to enforce it rigidly, to the mere form of the commencement of a declaration, and, while we do not deny that it is not only more in conformity with general usage,. *93 but the better form of pleading, to insert the words, “on promises,” we cannot concur in the suggestion, that the omission of these words constitute an objection sufficiently valid to sustain a demurrer. It is, at best, but a rigidly technical objection, not at all affeeting the merits of the case, nor, in any manner, calculated to mislead the defendant as to the subject matter of the plaintiff’s action. The objection taken, is not in a matter of substance; it is only one of mere form, and, under our statute regulating pleadings, should not have been regarded.
B. Sf A. Monroe for plaintiff; J «j* W. L. Harlan for defendant.
It seems to us, that the Court erred in sustaining the demurrer to the declaration.
The judgment of the Circuit Court is, therefore, reversed and cause remanded, with directions to set aside the judgment for the defendant, overrule the demurrer, &c., and for other proceedings not inconsistent with this opinion.