(18 Misc. Rep. 488.)

### CLAYTON v. KEELER.

(Supreme Court, Trial Term, New York County. November, 1896.)

**1. TRIAL—JURY—RULING ON MOTION TO DISMISS.**
　　The jury should not regard the denial of a motion to dismiss at the close of plaintiff's case as an indication that plaintiff is entitled to recover.

**2. WITNESSES—PARTY—CREDIBILITY.**
　　The jury may consider the interest of the parties in the result in passing on the weight of their testimony.

**3. ASSAULT AND BATTERY—DEFINITION OF ASSAULT.**
　　An assault is an offer to do injury to another, made with force and violence, and with the appearance of present ability to injure; and therefore threats, unaccompanied by an offer of violence, and threatening gestures, made out of striking distance, are not assaults.

**4. SAME—DEFINITION OF BATTERY.**
　　A battery is any unlawful touching of a person, with intent to do him injury, either bodily or to his feelings.

**5. WITNESSES—PROVINCE OF JURY—WILLFUL FALSE TESTIMONY.**
　　The jury may disregard the whole testimony of a witness who has willfully testified falsely as to a material matter, but need not do so if they feel justified, by corroborating testimony, in relying on any part of his testimony.

**6. DAMAGES—ASSAULT AND BATTERY.**
　　In assessing damages for assault and battery, the jury may consider the extent of plaintiff's injuries, the pain and suffering, both mental and physical, which has resulted and will result therefrom, the personal insult and indignity endured, loss of earnings, and cost of medical attendance.

Action by Nellie Clayton against Theodore Keeler to recover damages for assault and battery.

William Douglas Moore, for plaintiff.
David Welch, for defendant.

GIEGERICH, J. (charging jury). Gentlemen of the Jury: This action is brought to recover damages claimed in consequence of an alleged assault and battery by the defendant upon the plaintiff. The allegations of the complaint in substance are that on or about the 26th day of September, 1894, at the city of New York,

the defendant violently assaulted the plaintiff, and struck, beat, pushed, and thrust her violently against, upon, and into a chair, thereby injuring and bruising her about her arms, limbs, and body; that he shook his fist in her face, and cursed and swore at and threatened to kill her if she did not sign her name to a paper writing which he then and there produced, and which, it is alleged, contained false and untrue statements; that the defendant then and there did, by threats, violence, force, and duress, and by putting the plaintiff in fear of her life, compel her to sign her name to and upon said paper; and plaintiff further alleges that, by reason of the matters referred to, she was incapacitated in a great degree for the performance of her duties and business, and suffered and still suffers great bodily and mental pain, as well as a severe shock to her nervous system, and that she has been put to expense for medicine and medical attendance. The answer of the defendant is a general denial of each and every allegation of the complaint, the substance of which you have heard.

The solution of the questions of fact presented by the pleadings and proofs is for you, and you alone. It is my duty to instruct you as to the law, which you will apply to the facts in the case as you may find them; for of the facts you are the sole judges. Your guide to the law is the charge of the court, and not the statements of counsel. At the conclusion of plaintiff's case, a motion was made for a dismissal of the complaint, and it was denied by the court. I charge you that the denial of that motion should not be taken by you as any indication that the plaintiff is entitled to recover. It was simply a ruling of the court that the plaintiff had presented such a state of facts as required consideration by a jury.

While the law makes the parties litigant competent witnesses in this case, yet you have a right to take into consideration their relation to and interest in the result of your verdict, and the circumstances surrounding them, and give to their testimony such weight as in your judgment it is fairly entitled to. You are the judges of the credibility and weight to be attached to the testimony of each and every witness, and you are not bound to take the testimony of any witness as absolutely true, if you are satisfied, from all the facts and circumstances proved on the trial, that such witness is mistaken in the matter testified to, or that for any other reason her or his testimony is untrue or unreliable. In determining the issues, you should take into consideration the whole of the evidence, and all the facts and circumstances proved on the trial, giving the several parts of the evidence such weight as you think they are entitled to. You must decide this case upon the evidence adduced before you as you recollect it, and, where statements of counsel or the court are not in accord with your recollection, you must entirely disregard them.

It is, perhaps, not amiss, in view of the character of the testimony adduced, and the summing up of counsel; to remind you that this is an action to recover damages for an alleged assault and battery, and not one for divorce. While it is your duty to consider the evi-

dence as to the alleged commission of adultery by the defendant's wife, as well as all other facts and circumstances proved on the trial, and to determine the weight you believe should be given to the testimony of each witness who has been examined in that regard, you should, however, not lose sight of the main question in this case, which is whether or not the defendant assaulted and beat the plaintiff, as alleged in the complaint.    In determining this question one way or the other, it does not, to my mind, necessarily follow from your verdict that you believe or disbelieve the charge made by the plaintiff against the defendant's wife; for you may, in my opinion, consistently find, from the evidence, that such charge is entirely without foundation, and yet that the defendant, in his zeal to protect his wife's honor, did assault the plaintiff, or that there is some foundation for the story which it is claimed plaintiff circulated concerning the defendant's wife, but that the defendant did not assault or beat the plaintiff.

As before remarked, this is an action to recover damages for an alleged assault and battery.    Every laying on of hands upon the person of another, and every blow or push, constitutes an assault and trespass, in respect of which an action for damages is maintainable, unless the act can be justified or excused.    Every attempt, also, to offer with force and violence to do hurt to another, constitutes an assault, such as striking at a person with or without a weapon; holding up a fist in a threatening attitude, sufficiently near to be able to strike; advancing with a hand uplifted in a threatening manner, with intent to strike, although the person is stopped before he gets near enough to carry the intention into effect.    But, as regards threatening gestures, if the parties, at the time the gestures are used, are so far distant from each other that immediate contact is impossible, there is no assault.    A mere threat, unaccompanied by an offer or threat to strike, is not an assault.    The mere touching of a person without force or violence, for the purpose of drawing his attention to some matter or another, is not an assault, unless it is done in a hostile or insulting manner.

A battery, as distinguished from an assault, is where the person of a man or woman is actually struck or touched in a violent, angry, rude, or insolent manner.    But every laying on of hands is not a battery.    The party's intention must be considered; for people will sometimes, by way of joke or friendship, clap a person on the back, and it would be ridiculous to say that every such case constitutes a battery.    To constitute a battery, the intent to injure must concur with the use of unlawful violence upon the person of the assaulted party; but the slightest degree of force suffices to constitute violence, and the intended injury may be to the feelings or mind of the latter, as well as to the corporeal person.

Now, gentlemen, it will be your duty to carefully consider the evidence adduced, and to determine, in the light of the law as laid down by the court, whether or not the defendant did commit the alleged assault and battery upon the plaintiff.

The plaintiff testified that on the 26th of September, 1894, while

she was stopping with one Mrs. Millie Getman, at No. 117 West 124th street, in this city, the defendant, together with his wife, and Mr. Yost, his father-in-law, called there in the evening, and in the parlor of said house requested her to sign the paper writing in evidence and before you, and which the plaintiff says contains false and untrue statements; that the plaintiff at first refused to sign it, whereupon the defendant threatened to kill and waylay her if she persisted in such refusal; that the defendant then caught hold of her arm, and thrust her against the sharp edge of a sofa or double chair, which was in the room, and struck her in the chest, and pushed her, thus causing her to strike her head against the mantelpiece. She further testified that, after these occurrences, she went to the basement below in order to obtain ink; that she returned to the parlor with the same, and, under threats of violence by the defendant, signed the paper in the presence of the persons before named, and also Mrs. Millie Getman; and she claims that her brother was coerced into signing the paper as a witness under similar threats of bodily harm made by the defendant. Upon cross-examination, the plaintiff testified that neither she nor any one, upon the occasion referred to, made any outcry. Mrs. Getman testified that she was present during the alleged transaction; that plaintiff at first refused to sign the paper; that, when plaintiff got up to get the ink, the defendant took hold of her, and threw her into a sofa or chair, causing her to strike upon her spine; that, when plaintiff got up, the defendant again pushed her into another chair; that she was thus made to strike her head against the mantelpiece; that the defendant also struck the plaintiff on the chest; and that, after these occurrences, the plaintiff obtained ink from the basement below, and, upon her return to the parlor, where these persons were assembled, the plaintiff, under threats of bodily harm made by the defendant, signed the paper referred to; and that plaintiff's brother, also under threats of violence by the defendant, signed the paper as a witness. Eugene Clayton, a brother of the plaintiff, testified that the latter signed the paper under threats of violence by the defendant, and that he, under like threats, was compelled to sign it as a witness. Frederick Getman testified that he went to the parlor from the apartments below because of the noises he heard issuing therefrom; that he saw the defendant shake his fist at the plaintiff, and threaten to kill and waylay her if she did not sign the paper; that the plaintiff had just finished signing the paper when he got there; that, after the plaintiff had signed the paper, the plaintiff's brother was coerced, by threats made by the defendant, into signing it as a witness. Now, gentlemen, if the resume of the testimony which I have just given you is not in accord with your recollection, you will entirely disregard it, and adopt your own memory.

The testimony adduced on the part of the defendant is diametrically opposite to that produced by the plaintiff. The defendant, his father-in-law, Mr. Charles A. Yost, and the wife of the defendant, testified, in substance, that the plaintiff voluntarily signed the retraction in the basement of the house, away from the defendant and the

persons who accompanied him, and not in the parlor, in their presence, as claimed by her; that her brother likewise voluntarily signed the paper as a witness, without any threats or coercion on the part of the defendant; and that the latter did not assault or beat her, or threaten her with bodily harm, while seeking to obtain her signature to the paper in question. And it is claimed by the defendant that the story of the plaintiff regarding the defendant's wife and the alleged assault and battery is a pure fabrication, the result of a diseased imagination or disordered mind, producing a mania for imputing unchastity to others, and, furthermore, that the plaintiff, in making the charge against the defendant, as well as the reflections against the defendant's wife and Mr. Luerson, was actuated solely by malice, because of an investigation made relative to the alleged seduction of plaintiff's sister by her uncle, and also because of her discharge from the defendant's service.

In passing upon the credibility of the parties to the suit and the witnesses called by them as to the main issue in this action, you will also take into consideration the testimony of the plaintiff as to what transpired at the defendant's flat on the Saturday night preceding the alleged assault and battery, during the defendant's absence therefrom; the causes which led to her leaving the defendant's employ; her version of the episode with respect to her sister; her version of the conversations had with the defendant, his wife, or Mr. Luerson; her denial of Mr. Luerson's testimony that he informed her that her statement as to the alleged seduction of her sister was a falsehood; and her denial of malice against the defendant, his wife, or Mr. Luerson. You will also consider the testimony of Mrs. Irene Banhan as to the plaintiff's alleged declaration that she voluntarily signed the retraction, and that the statements made by her regarding the defendant's wife were untrue; the denial of Mr. Luerson of criminal intimacy with the defendant's wife, and his version of the conversations had with the plaintiff; the testimony of Dr. Carman, the defendant's family physician, as to the illness of the defendant's wife during the period in question, and his advice to her to abstain from the marital relation; the testimony of the defendant's wife as to conversations with the plaintiff before and after the Saturday night in question, as well as her alleged illness; her conduct, pursuant to her physician's advice; her positive and unequivocal denial of the charge of criminal intimacy, and all her testimony with respect to the transaction; the diagrams offered in evidence by the respective parties, and the testimony of the witnesses pertaining thereto; the evidence as to what transpired when the defendant, his wife, and his father-in-law left the house of Mr. Getman on the evening of the day when the alleged assault took place; and all the other evidence adduced upon the trial of this cause. After giving careful consideration to all the facts and circumstances proved on the trial, and after having heard the versions given by the respective counsel, it is for you to say which side has given the most credible testimony, and to determine where the truth lies.

Now, gentlemen, you have heard a direct conflict of evidence

between the plaintiff and the witnesses called by her and before named, on the one hand, and the defendant and the witnesses called in his behalf, on the other, respecting the vital issue in this case, viz. whether or not the defendant did assault and beat the plaintiff as alleged; and it is apparent that such conflict cannot be the result of defective recollection. How, then, are you to decide this case? You are to look at the facts and circumstances surrounding the parties litigant and the witnesses called by them, their manner of testifying, what they have testified to, the probability or improbability of their several statements, and all those little indicia of truth or falsity, drawing therefrom such inferences as you think proper, and determining which side you believe. If you believe, from the evidence, that any witness has willfully sworn falsely on this trial as to any matter or thing material to the issues in this case, then you are at liberty to disregard his or her entire testimony. If, however, you find, from the entire evidence, that the testimony of such witness, or any part thereof, is corroborated by facts and circumstances proved on the trial, such corroborating circumstances may be considered by you, and you may rely upon such testimony if you feel justified in placing confidence in it; but you are not bound to do so.

The burden of proof is upon the plaintiff, and it is for her to prove her case by a fair preponderance of the evidence. A preponderance of evidence, in my opinion, means that the testimony adduced by one side is more credible and conclusive than that of the other. It is not alone determined by the number of witnesses testifying to a particular fact or state of facts. If you find that the evidence is evenly balanced, so that it does not preponderate in favor of one side or the other, your verdict will be in favor of the defendant. If you find, from the evidence, and under the instructions of the court, that the defendant did not assault or beat the plaintiff, your verdict will be in his favor. If you find that the defendant did assault or beat the plaintiff, you will find in her favor, notwithstanding that you may also find that she circulated false and slanderous statements concerning the chastity of the defendant's wife; for the defendant would under no circumstances be justified in taking the law into his hands, no matter how just the provocation caused by the plaintiff. Howsoever much we may regard with admiration the conduct of the defendant in protecting his wife's honor, it should, nevertheless, be borne in mind that the alleged conduct of the plaintiff, no matter how reprehensible you may find, from the evidence, it was towards the defendant's wife, cannot, under any circumstances, justify an assault or battery upon the plaintiff by the defendant. The defendant had a right to request the plaintiff to sign the retraction, and, no matter how earnest his manner was towards the plaintiff for the purpose of inducing her to sign it, you will not be justified in rendering a verdict in plaintiff's favor unless you are satisfied that she has established, by a fair preponderance of the evidence, that the defendant either threatened her with bodily harm, and advanced towards her with uplifted fist or outstretched hand, threateningly and with intent to strike, and sufficiently near to be able to execute

such designs, or that he committed a battery upon the plaintiff with intent to injure her.

The mere laying on of hands is not a battery. The party's intention must be considered, and, if you find that the defendant merely touched or placed his hands upon the plaintiff for the purpose of drawing her attention to some matter, your verdict will be in favor of the defendant. If you find, from the evidence, and under the instructions of the court, that the defendant merely made a threat to do bodily harm to the plaintiff, but did not accompany it with threatening gestures, and sufficiently near to be able to strike her, your verdict will be in favor of the defendant. If you find, from the evidence, that the defendant merely outstretched his hand or hands, or made other gestures, to the plaintiff, in order to attract her attention, or to induce her to voluntarily remain in the room with him, and without any threats of bodily harm, your verdict will be in favor of the defendant. If you find that the injuries which the plaintiff claims to have sustained were the result of unavoidable accident, your verdict will be in favor of the defendant. If you find, from the evidence, and under the instructions of the court, that the defendant made threats of bodily harm to the plaintiff, accompanied by an uplifted fist or hand, or by a threatening gesture, with intent to strike, and sufficiently near to be able to strike her, your verdict will be in favor of the plaintiff. If you find, from the entire evidence, and under the instructions of the court, that the defendant touched, pushed, or struck the plaintiff in a violent, rude, angry, or insolent manner, with intent to injure her, your verdict will be in favor of the plaintiff.

If you believe, from the evidence, and under the instructions of the court, that the plaintiff is entitled to recover, you will, in that event, pass to a consideration of the question of damages. In assessing the damages, you are at liberty to take into account the extent of plaintiff's injuries, so far as they have been shown by the evidence; the pain and suffering, both mental and physical, endured by her, if any, in consequence of such injuries, and which you believe, from the evidence, she will with reasonable certainty endure in the future; the personal insult and indignity caused by and attendant upon the alleged battery; the loss of earnings and the costs of medical attendance, if such loss of services and costs of medical attendance have been proved to your satisfaction,—and award such damages as you think proper and right, in view of all the facts and circumstances proved on the trial. The circumstances of time and place as to when and where the alleged assault and battery was committed, and the degree of personal insult, should be considered by you in estimating the offense, and the amount of damages to be awarded. Besides a mere recompense for actual injury, in case you find that the assault and battery was unprovoked by the plaintiff, and was maliciously, willfully, and wantonly committed upon the plaintiff, you may award her exemplary or punitive damages. They are allowed as a punishment of the defendant, and as a warning to others against committing a like offense; and if you conclude,

42 N.Y.S.—67

from the evidence, and under the instructions of the court, that the defendant has exposed himself to the penalty of exemplary damages, you may award such an amount as, in your sound discretion, you may think right and proper. If you conclude that the plaintiff is not entitled to punitive damages, you will in that event award her such a sum as will be a fair and just compensation for the injury she suffered from the assault and battery.

This case is of importance, not only to the parties concerned, but to the public, for it reaches beyond those immediately interested in the result of your verdict, and touches the fundamental principles of civil liberty, upon which our social superstructure is built. I therefore beg that you will decide it without sympathy, prejudice, or passion, as I believe you will. You should not withhold justice from the plaintiff merely because she comes from the lower walks of life, nor should you inflict an injustice on the defendant for no reason other than that conditions may have made his social position in life superior to hers. . I deem it proper, before you retire to deliberate upon your verdict, to thank you sincerely for the strict attention paid by you to the proceedings, as well as for the exemplary patience exhibited by you throughout this lengthy trial. And you have cause for gratulation, gentlemen, on having had before you counsel who, while exhibiting just and commendable zeal in behalf of their respective clients, have not needlessly extended the case beyond its necessary limits. Your patient bearing justifies me in the belief that you will discharge your duties—the highest that fall to the lot of a citizen, under our form of government—conscientiously, considerately, and carefully.

The jury found a verdict in favor of defendant.