JAMES B. EDDY *vs.* UNION RAILROAD COMPANY.

PROVIDENCE—NOVEMBER 20, 1903.

PRESENT: Stiness, C. J., Blodgett and Johnson, JJ.

(1) *Animals. Negligence.*

Whether a domestic animal is or is not rightfully in the place where it inflicts the injury complained of is determinative as to the necessity of proof of knowledge, on the part of the owner, of a vicious propensity of the animal.

(2) . *Animals. Negligence.*

Plaintiff was riding along the street, in a buggy, when a servant of defendant, in charge of two horses, riding one and leading the other by a halter, was proceeding in the same ·direction, near the middle of the street. When plaintiff drove alongside, the led horse wheeled and kicked the buggy, throwing plaintiff out and injuring him. There was no evidence that the horse had ever shown any vicious propensity before:—

*Held*, that the horse was rightfully in the street, and in the absence of any evidence showing negligence in the management of the horse, the defendant was not liable.

TRESPASS ON THE CASE for negligence. Heard on the plaintiff's petition for new trial. Petition denied.

(2)    JOHNSON, J.    The plaintiff was riding in a buggy along Broad street, in the city of Providence, on the right hand side of the street, near the curb. At the same time a servant of defendant, in charge of two horses, riding one and leading the other by a halter, was proceeding in the same direction, near the middle of said street. When the plaintiff drove alongside the horses, the led horse suddenly wheeled and kicked the buggy, throwing the plaintiff out and injuring him. At the conclusion of the testimony for the plaintiff, a verdict for the defendant was directed by the presiding justice. The evidence shows that the plaintiff was in the exercise of due care. The question is whether the defendant was negligent.

In *Hammack* v. *White*, 11 C. B. (N. S.) 588, the defendant was riding a horse which he had recently bought and had taken out to try. From some unexplained cause the horse became restive; and, notwithstanding the defendant's well-directed efforts to control him, ran upon the pavement and killed a man. It was held that these facts disclosed no evidence of negligence which the judge was warranted in submitting to a jury. But the court expressly rested that result on the fact that the defendant had used his utmost efforts to prevent the animal from getting on the pavement.

Commenting on that case and the cases of *Cox* v. *Burbridge*, 13 C. B. (N. S.) 430; *Lee* v. *Riley*, 18 C. B. (N. S.) 722; and *Ellis* v. *Loftus Iron Co.*, L. R. 10 C. P. 10, Mr. Bevan uses this language: "Although when a horse is in a place where

it has a right to be, any disposition to kick that it may suddenly manifest does not import a liability on its owner; when the horse is where it should not be, and kicks, the kicking is not so far remote from what is to be expected from the natural disposition of horses, that the injury cannot be said to follow in the natural and obvious sequence from the original wrongful act which allowed the horse to get where an opportunity of doing injury is given." 1 Bev. Neg. (2nd ed.) 97.

The same principle is stated in 2 Am. & Eng. Ency. of Law (2nd ed.), 364, as follows: "If domestic animals are rightfully in the place where they do the injury complained of, the owner will not be liable unless he had knowledge of the vicious propensity of such animals; and in an action for such injuries, knowledge on the part of the owner must be alleged and proved."

In *Healey* v. *Ballentine*, 66 N. J. L. 339, where the plaintiff was kicked by a horse which was being led along on the sidewalk, it was held that proof of knowledge, on the part of the owner, of a vicious propensity of the horse was not necessary, solely on the ground that the horse was not rightfully in the place where it inflicted the injury.

In *Fallon* v. *O'Brien*, 12 R. I. 518, where a horse had escaped from an enclosure and while in the street kicked the plaintiff, this court, after reviewing the cases, p. 520, says: "In the American cases cited, it seems to be recognized that it is the negligence of the owner of the animal straying in the highway which renders him liable for the injury inflicted by it; and that if he is guilty of no negligence he is subject to no liability." See *Goodman* v. *Day*, 15 Pa. St. 188, and *Dickson* v. *McCoy*, 39 N. Y. 400, there cited.

(1)    The decision of the question whether a domestic animal is or is not rightfully in the place where it inflicts the injury complained of is determinative as to the necessity of proof of knowledge, on the part of the owner, of a vicious propensity of the animal.

The leading of horses in the street is an everyday occurrence. It is the common practice of ordinarily careful and prudent men. The horse, being in charge of an attendant and

led by a halter, was rightfully in the street. There was no evidence that he had ever before showed any vicious propensity or been known to kick.

Under such circumstances the defendant, in the absence of testimony showing negligence in management of the horse while in the street, would not be liable. The verdict for the defendant was, therefore, rightly directed.

Petition for new trial denied, and case remanded to the Common Pleas Division with direction to enter judgment on the verdict.

*Page & Page & Cushing,* for plaintiff.

*David S. Baker and Lewis A. Waterman,* for defendant.