BOLER v. SORGENFREI et ux.

(Supreme Court, Appellate Term.    January 7, 1904.)

1. NEGLIGENCE—PERSONAL INJURIES—DOGS—EVIDENCE—SUFFICIENCY.

In an action for damages for personal injuries inflicted on plaintiff by a dog, the evidence showed that on two previous occasions the dog had shown a vicious disposition by attacking two other persons on or about the same premises where defendant kept a grocery store; that defendant's wife, who lived with defendant on the same premises, had notice of at least one of the incidents referred to; that plaintiff sustained injury as the result of the bite. Defendant admitted ownership of the dog. *Held* sufficient to make out a prima facie case for plaintiff.

2. SAME—PARTIES DEFENDANT.

In an action against a husband and wife for damages for personal injuries inflicted by a dog, the complaint is properly dismissed against the wife where the evidence is insufficient to connect her with the ownership of the dog.

3. SAME—PRESUMPTION.

Where one, with knowledge of the propensities of a vicious dog, keeps it, he is bound to keep it secure at his peril, and if the dog does mischief negligence will be presumed.

---

¶ 2. See Animals, vol. 2, Cent. Dig. §§ 233, 262.

**4. SAME—FAILURE OF DEFENDANT AND WIFE TO TESTIFY—PRESUMPTION.**

    In an action for damages for personal injuries inflicted on plaintiff by a dog, the defense was that defendant did not know the propensities of the dog, but neither he nor his wife testified. *Held*, that the inference deducible from their failure to testify is that their testimony would have been unfavorable to the defense.

**5. SAME—DEFENSE—PROOF—SUFFICIENCY.**

    In an action for damages for personal injuries inflicted on plaintiff by a dog, testimony of witnesses for defendant as to the inoffensive disposition of the dog on prior occasions, when the dog was much younger, is insufficient of itself to overcome a prima facie case for plaintiff, where neither defendant nor his wife testified.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Marie E. Boler against Emil Sorgenfrei and wife. From a judgment for defendants, plaintiff appeals. Reversed in part.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

M. Strassman, for appellant.

Connell & O'Connor, for respondent.

FREEDMAN, P. J. The evidence shows that the plaintiff was bitten in an unprovoked and vicious attack upon her by a dog of the defendant Emil Sorgenfrei; that on two previous occasions the dog had shown a vicious disposition by attacking two other persons on or about the same premises upon which the defendant Emil Sorgenfrei kept a grocery store; that Marie Sorgenfrei, the wife of said defendant, had notice of at least one of the incidents referred to; and that the plaintiff sustained an injury as the result of the bite.

The complaint was properly dismissed against the defendant Marie Sorgenfrei, because the evidence was utterly insufficient to connect her with the ownership of the dog. But ownership was admitted in the defendant Emil Sorgenfrei, and as to him a prima facie case was made out when plaintiff rested.

True scienter on his part had to be established as matter of fact, but the fact could be proven by circumstances and inferred from proof of previous acts of viciousness committed under circumstances which made it probable that he became aware of them. It appeared that his wife, who lived with him upon the same premises, had received actual notice of a previous attack. In Keenan v. Gutta Percha Mfg. Co., 46 Hun, 544, affirmed 120 N. Y. 627, 24 N. E. 1096, notice to a foreman was held sufficient. If, therefore, it sufficiently appeared that the defendant Emil Sorgenfrei, with knowledge of the propensities of the dog, kept it, he was bound to keep it secure at his peril, and if the dog did mischief negligence was to be presumed. Muller v. McKesson et al., 73 N. Y. 195, 29 Am. Rep. 123. Under all the circumstances, the case as made by the plaintiff entitled him to recover against the defendant Emil Sorgenfrei unless such case was disproved by the defense.

To succeed in his defense the said defendant was bound to show that in fact he did not know the propensities of the dog. But neither he nor his wife testified, and the inference deducible from their

failure to do so is that their testimony would have been unfavorable to the defense. The testimony given by other witnesses as to the inoffensive disposition of the dog on prior occasions, when the dog was much younger, was not of itself sufficient to overcome plaintiff's case.

Upon the whole case, the judgment in favor of the defendant Emil Sorgenfrei is against the weight of evidence.

As to the defendant Marie Sorgenfrei the judgment should be affirmed with costs, but as to the defendant Emil Sorgenfrei it should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.