GAGE v. BEWLEY et al.

(Niagara County Court. March 4, 1916.)

1. ASSAULT AND BATTERY ⟨⟩3—REQUISITES—INTENT.

An intent to do the injury is an essential element of a cause of action for assault and battery.

[Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. § 2; Dec. Dig. ⟨⟩3.]

2. ASSAULT AND BATTERY ⟨⟩15—DEFENSES—TRESPASS.

As against trespassers, one has the right to use such force as is reasonably necessary to eject them from the premises, and is only liable for the use of unnecessary force, and then only when malice, willfulness, or a specific intent on his part to injure is shown.

[Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. §§ 13–15; Dec. Dig. ⟨⟩15.]

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. **Assault and Battery ☞28—Evidence—Intent.**

In an action for assault, evidence for the defendant that before he started to eject the plaintiffs he asked plaintiff's wife to get her things together and pack them up, so that she would know where they were, as they were going to be put out, and that she asked him not to put them out, as they would get a house and move, and that he told her he did not believe her after the way she had lied about him, was admissible to show that defendant was acting in good faith, with honest motives, and without wrongful intent.

[Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. § 41; Dec. Dig. ☞28.]

4. **Witnesses ☞268(1)—Cross-Examination—Scope.**

In an action for assault and battery, where defendant brought out by a witness that the plaintiff's wife had lied about him in a trial wherein the jury had decided against him, as bearing on the issue of his motive and intent, and as stating the reason for ejecting plaintiff and his wife, the witness might be cross-examined about such matter.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 931, 938, 939; Dec. Dig. ☞268(1).]

Action for assault and battery by John H. Gage against Richard Bewley and others. Motion for new trial denied.

For opinion affirming same, see 160 N. Y. Supp. 1131.

Lee & Ward, of Lockport, for plaintiff.

Hickey, Thompson & Gold, of Lockport, for defendants.

FISH, J. [1-3] An intent to do the injury was an essential element of the plaintiff's cause of action. Cooley on Torts; Clayton v. Keeler, 18 Misc. Rep. 491, 42 N. Y. Supp. 1051. If the plaintiff and his son were trespassers, the defendant Richard Bewley had the right to use such force as was reasonably necessary to eject them from the premises, and would only be liable for the use of unnecessary force and for unnecessarily beating and wounding the plaintiff, and then only when malice, willfulness, or a specific wrongful intent on his part to injure the plaintiff was shown. 5 Corpus Juris, 624. The intent with which the act complained of was done being in issue, any evidence which tended to prove or disprove wrongful intent was relevant to the issue. Platner v. Platner, 78 N. Y. 95. The defendant Richard Bewley, for the purpose of showing that he was acting in good faith, with honest motives and without wrongful intent, testified that upon his arrival at the house in question, and before he started to eject the plaintiff, he asked the plaintiff's wife to kindly get her things together and pack them up, so she would know where they were, as they were going to set the stuff out, and that she said, "Mr. Bewley, don't set it out; we will get a house and move;" and that he said in reply, "Mrs. Gage, I can't believe you after the way you lied about me last night."

[4] The exceptions relied on are to the ruling of the court that, the defendants having brought in by the witness the matter of Mrs. Gage's lying to him, the witness could be cross-examined about the same. In the course of such cross-examination it did appear that there had been a trial the night before, at which witness and Mrs. Gage were witnesses on opposite sides, and that the jury decided against

the witness Bewley.　Unquestionably the witness Bewley on this trial could not have been asked, for the purpose of discrediting him, as to the result of some trial at which he was a witness (Yager v. Person, 42 Hun, 400); but the evidence was not received for this purpose, nor objection made on this ground, and the ruling of the court to which exception was taken only went to the extent of holding that the witness could be cross-examined in regard to his statement that Mrs. Gage had lied about him.　The defendants having brought this into the case, and the same being relevant to the issue, inasmuch as it bore on motive and intent and was the reason given by one of the defendants for then and there ejecting the Gages, a refusal to allow the witness to be examined in regard thereto would have been a denial of absolute right.　Langley v. Wadsworth, 99 N. Y. 63, 1 N. E. 106; Prout v. Bernards L. & S. Co., 77 N. J. Law, 719, 73 Atl. 486, 25 L. R. A. (N. S.) 683.　If the jury found that Mrs. Gage lied about Mr. Bewley, it would furnish a very good reason for his not relying upon her promise to get a house and move, and it was therefore important for the plaintiff to cross-examine the witness in regard thereto.

Motion denied, without costs.