BENKE v. STEPP et al.

No. 32742. Sept. 9, 1947.

*184 P. 2d 615.*

Spillers & Spillers, of Tulsa, for plaintiff in error.

Frank Hickman, of Tulsa, for defendants in error.

RILEY, J. Plaintiff in error, Walter J. Benke, a postman engaged in delivering U.S. mail in the residential district of the city of Tulsa, sued defendants in error, husband and wife, to recover damages for personal injuries sustained by plaintiff as a result of being bitten by a vicious dog alleged to have been owned and kept by defendants at their residence.

Plaintiff's petition detailed knowledge on the part of the defendants, of the vicious character of the dog at the time of plaintiff's injury.

Defendants answered by general denial. A jury was waived and the cause proceeded to trial before the court. At the close of plaintiff's evidence, defendants' separate demurrers were, by the court, sustained. Judgment was entered dismissing plaintiff's cause of action; he has appealed.

Plaintiff established his injury and damages resulting from an attack by the dog kept by defendants at their place of residence, on June 8, 1945.

Plaintiff testified that on the date mentioned he went to defendants' residence to deliver mail; the dog kept by defendants was lying close to a porch swing at their residence; while plaintiff was placing mail in the box, the dog committed an attack upon him, as a result of which several letters contained in a package in plaintiff's hand were torn. Plaintiff showed the letters to defendant Mrs. Stepp who was present, and advised Mrs. Stepp that the dog was vicious. "Something will have to be done about that dog. He bit my mail." "The dog tore up my mail."

Mrs. Stepp replied "That dog wouldn't hurt anything", to which plaintiff answered "Well . . . here is the evidence, he tried to bite me, he tore up my mail". Mrs. Stepp made no reply. That Mr. and Mrs. Stepp were husband and wife was then admitted.

Mrs. Stepp did nothing to restrain the dog; the dog was not restrained; plaintiff walked down the steps from the porch of defendants' house, to continue with the delivery of the mail. As he arrived at the sidewalk, the dog bit him on the leg. Plaintiff showed defendant Mrs. Stepp where his leg was bleeding and inquired whether she still thought the dog wouldn't bite.

Defendant Charles W. Stepp was called as a witness on behalf of plaintiff. He testified as to his place of residence and his ownership of the dog; that his wife was in charge of the house and premises during his absence but that the dog was usually shut up in the yard and his wife did not have to look after the dog when he was away from home.

The court then sustained a demurrer to the evidence as to defendant Charles W. Stepp, and assigned as a reason that defendant Charles W. Stepp, in the opinion of the court, did not have notice of the dog's vicious propensities.

A Mrs. Harrison was called as a witness for plaintiff. She testified that on the day in question, immediately after plaintiff came to her home near by and she saw his injuries, she observed Mrs. Stepp talking to the dog and putting him in the pen. Plaintiff testified likewise as to Mrs. Stepp's subsequent control and supervision of the dog.

Thereupon the court sustained the demurrer to the evidence as to defendant Mrs. Stepp, and rendered judgment dismissing plaintiff's case.

The rule is well established that where the evidence is such that reasonable men may fairly differ as as whether the facts constitute negligence, a demurrer

should be overruled. Carter, Adm'r, v. Pinkerton, 194 Okla. 34, 146 P. 2d 842. Ordinarily, a demurrer to the evidence admits every fact which the evidence, in the slightest degree tends to prove, and all inferences and conclusions which can be reasonably and logically drawn therefrom; a demurrer should be overruled where the evidence reasonably tends to establish negligence. In an action of legal cognizance, tried to the court, where the court considers and weighs all the evidence, its action in sustaining a demurrer and entering judgment for defendant will not be disturbed if there is evidence reasonably tending to support the judgment. Looney, Trustee, v. Bruin Oil Corp., 190 Okla. 266, 122 P. 2d 1007. The effect of a demurrer in view of a consideration of conflicting evidence or testimony of questionable veracity is a motion for judgment or nonsuit. Barron v. Chicoraske, 189 Okla. 35, 113 P. 2d 376.

The instant case involves more than negligence; the evidence of plaintiff, uncontradicted and unimpeached, relates to the keeping without restraint of an animal possessed of vicious propensities.

In Tubbs v. Shears, 55 Okla. 610, 155 P. 549, this court held:

"While the owner of a dog is not liable, in the absence of statutory provision, for any injury it may inflict upon another, unless he has notice of its inclination to commit such injury, the modern and more reasonable doctrine is that he need not have actual notice thereof in order to make him liable."

"Such notice may be actual or constructive."

In Harris v. Williams, 160 Okla. 103, 15 P. 2d 580, we held:

"Where a vicious dog is kept at the home of a married couple, knowledge of its vicious character by one is notice thereof to the other."

In Ayers v. Macoughtry, 29 Okla. 399, 117 P. 1088, at page 410, it is recited:

"It has been held in numerous cases, that where knowledge was had of dangerous and vicious propensities of a dog by others of the owner's household, he was held to have the knowledge which they possessed. For instance, in the case of Barclay v. Hartman, supra, a wife's knowledge was sufficient to charge the husband with responsibility. Likewise, in the case of Boler v. Sorgenfrei et ux., supra, the knowledge of the wife was deemed sufficient. In the case of King v. Muldoon, supra, a complaint to the housekeeper of the defendant, who testified that she was in general charge of the place in the absence of the defendant, was held sufficient; and in the case of Grissom v. Hofius, supra, evidence that the watchman of the owner knew of the previous instances of the dog attacking and biting persons was sufficient to go to the jury upon the question of whether the owner knew or should have known of the vicious disposition of the dog."

The basis of the rule rendering the master liable without actual notice is in fact negligence. In Barclay v. Hartman (1896) 2 Marv. (Del.) 351, 43 Atl. 174, it was said:

"If a man has a dangerous dog, though he may never have bitten any person, if he is of a vicious and ferocious character, and that knowledge is brought home to his wife, . . . in case of an injury inflicted by that dog, he unquestionably would be liable, though no actual notice had been given."

It was suggested that there may be a case in which there is no actual notice, but by reason of duty there is imposed upon the owner notice of what he reasonably ought to know.

In Boler v. Sorgenfrei et ux. (1904), 86 N.Y. Supp. 180, in an action for damages for personal injuries inflicted on plaintiff by a dog, the defense was that defendant did not know of the propensities of the dog, but neither defendant nor his wife testified; the inference resulting from their failure to testify was that their testimony would have been unfavorable to them. That exact situation is presented in the case at bar.

Notice of the dog's vicious propensities was given to defendant Mrs. Stepp, by plaintiff, immediately prior to plaintiff's personal injury. Whether she had time or opportunity to communicate such notice to her husband and the necessity, as a matter of law, for notice of the particular exhibition of viciousness to be communicated to the master presents the difficult problem confronting us.

It has been held that the fact of a dog's savage and ferocious disposition is equivalent to express notice to the owner. Muller v. McKesson, 73 N.Y. 195, 29 Am. Rep. 123. It is considered a knowledge which the owner ought to have and as a consequence he is, in law, chargeable with it.

A dog is not of a species of animal naturally dangerous to mankind. If the individual animal is of a peaceful disposition, and providing due care is exercised at the time, the dog suddenly and unexpectedly inflicts injury upon another, neither the owner nor keeper is answerable. 2Am. Jur. 728 §48. But if such an animal is found, or by the exercise of care should have been found, by the owner or his servant, agent, or employee, to possess a vicious or dangerous disposition, the individual animal passes into a class of animals which the owner keeps at his peril. Buckle v. Holmes (1926) 2 K.B.(Eng.) 125, 54 A.L.R. 89.

Neither defendant testified in his or her own behalf in the case at bar, nor was defendant Mr. Stepp, as plaintiff's witness, permitted, on cross-examination, to testify as to his knowledge of the dog's propensities.

As respects the liability of the owner or keeper there is no distinction between the cases of an animal which breaks through the tameness of its nature and is fierce, and is known by its owner or keeper to be so, and one which is ferae naturae. 2 Am. Jur. p. 729.

It is sufficient if the owner or keeper has seen enough or heard enough to convince a man of ordinary prudence of the animal's inclination to commit the class of injuries of which complaint is made. The question in each case is whether scienter was sufficient to keep the owner or keeper on his guard and to require him or her, as an ordinary prudent person, to anticipate the injury which has actually occurred.

If such owner or keeper knew, or ought to have known, that the animal had dangerous propensities, that is sufficient as it is not essential, in order to fasten liability upon them, that they have notice of a previous injury to others. Linnehan v. Sampson, 126 Mass. 506, 30 Am. Rep. 692; Creamer v. McIlvain, 89 Md. 343, 43 A. 935, 45 L.R.A. 531, 73 Am. St. Rep. 186; Looney v. Bingham Dairy, 70 Utah, 398, 260 P. 855, 75 Utah, 53, 282 P. 1030, 73 A.L.R. 427.

Under the rule stated, the judgment as to defendant Mrs. Stepp must be reversed.

The gist of an action for injuries inflicted by a vicious dog is keeping it with knowledge of its vicious propensities; negligence in many of the cases has been deemed immaterial. A more accurate statement of the true principle governing the owner's legal responsibility seems to be that the gist of the action is the failure to keep such animal securely; there is no liability for securely keeping a ferocious animal with knowledge of its vicious disposition. Williams v. Moray, 74 Ind. 25, 39 Am. Rep. 76.

In the case at bar, the owner did not cause his dog, which was in fact vicious, to be securely restrained. The dog, at the time of the two successive attacks, was at large upon the premises. The presumption that the dog was by the owner permitted to run at large was not dispelled by the testimony that it was not necessary for the owner's wife to exercise control over the dog, nor were the dog's propensities disproved thereby. A necessity of restraint may be inferred.

But, a savage disposition on the part of a dog is not necessary in order to impose liability on its owner for its assault; he is equally responsible where it appears that the dog had a propensity to bite only in play, if the owner or keeper knew of such mischievous habit, and injury results. 2 Am. Jur. p. 732.

The knowledge required to hold the owner of an animal, possessed of vicious characteristics, responsible for injuries inflicted on another, need not, however, be intimate personal knowledge; scienter may be sufficiently established by proof of knowledge on the part of those to whose care and management animals are intrusted as such knowledge is in law imputable to the owner. Gooding v. Chutes Co., 155 Cal. 620, 102 P. 819, 18 Ann. Cas. 671; Linnehan v. Sampson, supra; Stapleton v. Butensky, 177 N.Y.S. 18; Harris v. Carstens Packing Co., 43 Wash. 647, 86 P. 1125, 6 L.R.A. (N.S.) 1164.

Under general principle, notice to an agent, within the scope of his employment, is notice to the principal—the principal, as owner of the dog and master of the household, may be held liable. Thus, if the owner of the dog places the animal in charge of his agent who becomes aware of the vicious character of the dog, the owner is charged with knowledge of the agent although the facts are not communicated to him. Buck v. Brady, 110 Md. 568, 73 A. 277, 132 Am. St. Rep. 459; Brice v. Bauer, 108 N.Y. 428, 15 N.E. 695, 2 Am. St. Rep. 454; Grissom v. Holfius, 39 Wash. 51, 80 P. 1002, 4 Ann. Cas. 125.

Similarly, the knowledge of the wife of the owner of a dog as to its vicious character, is sufficient to charge the owner with responsibility. Ayers v. Macoughtry, 29 Okla. 399, 117 P. 1088, 37 L.R.A. (N.S.) 865.

The rule approaches the existence of an agency; hence, under Harris v. Williams, supra, an absent spouse's liability may be resolved upon the issue of agency and its allied rule of respondeat superior by which the principal is held responsible for the acts of his agent within the scope of the performance or nonperformance of a duty imposed. Solution of the problem reverts to the act of keeping a vicious animal with application of the rule of law charging the owner with what he ought to know, i.e., his dog and his propensities.

In law, if not in fact, the husband is the head of the family; he dominates the management of the dwelling house and the curtilage about it. He may be liable for harboring there a vicious animal which injures another person.

As the head of the family, the keeping of a vicious dog is a matter over which the husband is authorized to exercise control, and if it injures a third person, the husband is liable if either he or his wife, as his agent, have knowledge of the dog's vicious propensities. The wife is not necessarily the keeper of a dog owned by the husband and kept on the premises of the household, but in the case at bar, from the facts and circumstances in evidence, it is reasonably to be inferred that in the absence of defendant Mr. Stepp, he had relied upon defendant Mrs. Stepp for the care and custody of the dog. Subsequent control by her presupposes such an authorized prior control. No other agency was shown to exist at the time of the second attack. The dog was then, if not previously, possessed of vicious propensities. The dog was not within the control of the owner. A prima facie case as against the owner as well as the keeper of the dog was established.

In Harris v. Williams, supra, we held:

"Knowledge on the part of such **owner** or **keeper** of one attack on a person by such dog, is sufficient to charge such **owner** with all of its subsequent acts. There need be no notice of injury actually inflicted, and it is unnecessary to prove that the dog had ever bitten any person."

As indicated by the trial court in consideration of its orders and judgment, some time elapsed between the first and

second assaults made upon plaintiff by the dog. The court, amongst other remarks, said "within five minutes thereafter he was bitten by this dog".

Ordinarily, as to domestic animals, the owner or keeper's knowledge of its viciousness is indispensable to liability for damage done by the animal, but this is not an absolute rule. The owner of a domestic animal is obliged to exercise over it a degree of care proportioned to the kind and character of the particular animal, the circumstances in which it is placed, and the purposes for which it is kept; and for negligence in keeping the animal, the owner is always responsible. 2 Am. Jur. p. 737 §59.

There are two classes of animals: the first includes animals ferae naturae, for example, a tiger or gorilla, which are obviously of a dangerous nature unless individually tamed. A person keeping animals of this class keeps them at his peril to the extent that negligence need not be specifically alleged but shall be presumed, and a prima facie case arises from the keeping of such an animal and the injury. The second class, mansuetae, naturae, includes dogs, cats, cows, horses, which are not naturally dangerous to mankind. Buckle v. Holmes, supra; Anno. 69 A.L.R. 500. Individual animals of this class may develop viciousness, but unless and until they do so, they are not of the class which the owner keeps at his peril, but generally, as to all animals, the owner is responsible for trespass. The common law in its common sense admits of exceptions to this rule and among the exceptions is the dog, but the exception as to the dog extends only insofar as its damage is in obedience to the ordinary instincts of its kind. The other domestic animals, having a tendency to stray and thereby do real damage, are usually restrained, but a dog is not usually kept confined and there are other reasons besides "de minimis non curat lex" why the owner of a dog is not ordinarily liable for its trespass. Id.

But trespass is of different kinds.

Generally, it is any transgression of the law, less than treason and felony, of nature or society, whether it relates to the person or property. Grunson v. State, 89 Ind. 533, 47 Am. Rep. 178. When a domesticated animal has been found •by its owner, or ought to have been so found, to possess a vicious nature, it passes into the class of animals for which the owner is liable in damages if he negligently loses control over it. We give consideration here to the second trespass, or assault, upon plaintiff, after notice or warning of the dog's vicious propensities. Clayton v. Keeler, 42 N.Y.S. 1051, 18 Misc. Rep. 488; Hill v. Kimball, 76 Tex. 210, 13 S.W. 59, 7 L.R.A. 618. So, as in a case where a horse, in the custody of an attendant, is led by a halter in the street, the owner may be liable for injuries committed there if he has knowledge of its viciousness **or there is negligence.** Eddy v. Union R. Co., 25 R.I. 451, 56 A. 677, cited 2 Am. Jur. 737, note.

Injuries resulting from· negligence or trespass, in their most comprehensive signification, include an action in form· of torts arising from the fault of defendants. Albert's Ex'x v. Blue, 49 Ky. 92, 42 Words & Phrases (Perm. Ed.) p. 476.

The affirmative act of keeping an animal known to be vicious gives rise to an action for damages for injuries committed by the animal. In the case at bar the actionable wrong attributable to defendant Mr. Stepp may well rest upon his omission to perform, or cause to be performed, a duty devolved upon him but delegated to his wife.

In the old case of Smith v. Pelah, 2 Str. 1264, cited in Ayers v. Macoughtry, supra, from which there has been no departure, Lee, C.J., ruled that if a dog had once bit a man and the owner thereof keeps the dog and lets him go about or lie at his door, an action will lie against him at the suit of a person who is bit, though it happened by such person's treading on the

dog's toes, for it was owing to his not hanging the dog on the first notice, and the safety of the king's subjects ought not afterwards to be endangered.

Reversed.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, WELCH, CORN, and LUTTRELL, JJ., concur.