### EVANS v. HOOKS.
### No. 35977.

Supreme Court of Oklahoma.

May 25, 1954.

Rehearing Denied June 8, 1954.

on January 9, 1952, at about dusk plaintiff went to Evans' home; that as she approached the house the dog in question rushed up to her and bit her on her right ankle; that she screamed; that Evans' grandson called the dog off; that Evans came ontside and remarked that he would "have to do something with that dog, he is getting too bad"; that she was treated by a doctor in Healdton who gave her 14 rabies shots and also anti-tetanus shots; that she was unable to do any farm or house work for one month and the wound did not completely heal until six months later.

Defendant's evidence reasonably tends to show that the dog was not vicious; that the dog loved children and played with them constantly; that the dog had been raised as a pet; that it had never bitten anyone to defendant's knowledge; that plaintiff complained to defendant that the dog had bitten her on the night in question but defendant told her she must have scratched her ankle on some barbed wire which was lying in the yard.

During the argument to the jury plaintiff's counsel made remarks which were taken down by the reporter and objected to repeatedly by defendant to the effect that defendant had tampered with plaintiff's witnesses, including the doctor who had treated plaintiff; that defendant was the deputy sheriff in that community, that he had threatened the witnesses, and that by reason of defendant's position the witnesses were afraid to testify to what actually happened. The court denied defendant's motion for a mistrial because of such improper argument but instructed the jury:

> "Gentlemen, anything which was touched upon in the argument which was not in the testimony or the evidence admitted for your consideration will not be considered by you in your consideration of this case, you are the ones to remember the remarks and the testimony, and what the remarks amounted to, that is all."

The jury returned a verdict in favor of plaintiff in the sum of $300 and the court entered judgment for this amount.

Sigler & Bruce, Ardmore, for plaintiff in error.

Ernest W. Tate, Ardmore, for defendant in error.

ARNOLD, Justice.

Perchie Hooks brought this action against Will Evans in the District Court of Carter County for damages allegedly resulting from a dog bite by defendant's dog.

Pertinent to the questions herein raised and in conformity with the allegations of her petition plaintiff's evidence reasonably tends to show that Will Evans owned a farm adjoining plaintiff's farm; that he was the owner of a mixed Collie and Shepherd Dog about two years old; that early in the fall of 1951 one Ed Caldwell went to Evans' home at which time a dog grabbed his britches' leg, that Evans was not present at the time but his wife was; that

From order overruling motion for new trial defendant appeals.

 Defendant contends that the court should have sustained his motion for a directed verdict because the evidence is insufficient to show that defendant knew or should have known that the dog was vicious and inclined to commit injury, citing Tubbs v. Shears, 55 Okl. 610, 155 P. 549, L.R.A.1916D, 1032; McDonald v. Castle, 116 Okl. 46, 243 P. 215, Benke v. Stepp, 199 Okl. 119, 184 P.2d 615. All of these cases hold that plaintiff must prove defendant's knowledge of the vicious nature of the dog. This is the rule. However, though plaintiff's evidence on the point is meager it was sufficient to go to the jury on the question of whether defendant knew or should have known of the dog's biting propensities. The court carefully instructed the jury on the point and no complaint is made of the instructions. The jury found for plaintiff on this controverted fact issue and the judgment entered in accordance therewith will not be disturbed.

 Defendant next contends that the court erred in permitting counsel for plaintiff to make argument outside the record to defendant's prejudice. As shown above, the court admonished the jury to disregard anything said in the argument which was not in the evidence admitted for its consideration. While we do not condone or approve of the remarks made we cannot say as a matter of law that the jury refused to heed the judge's admonition to disregard same or that defendant was prejudiced by the judge's refusal to declare a mistrial.

Affirmed.

CORN, DAVISON, O'NEAL, and BLACKBIRD, JJ., concur.

WILLIAMS, J., concurs in result.

HALLEY, C. J., and WELCH, J., dissent.

WELCH, Justice.

I respectfully dissent. I think the trial court should have sustained the motion for a mis-trial, or should have granted a new trial on account of improper argument of counsel. This argument, as shown by the majority opinion, urged matters entirely outside the record, and was most highly improper and well calculated to be highly prejudicial.

It is well known that ethical attorneys, sometimes in their zeal, overstep the bounds of propriety in jury argument. When that argument goes too far, in the face of repeated objections, as here, and where the prejudicial character of the argument is so clearly apparent, as here, it is the duty of the courts to require retrial in the interest of justice, as I view it.

Plaintiff in error cites the following quotation from 64 C.J. 276:

"Arguments and comments by counsel calculated to arouse the passions and prejudices of a jury by presenting to them considerations extraneous to the evidence are highly improper; so, when the language used is such as evinces a studied purpose to arouse the prejudices of the jury based upon facts not in the case, the court cannot overlook it or consider that a party against whom such effort has been made has had a fair consideration of his case at the hands of the jury."

That text statement is well supported by cited cases and is a sound guide to the fair administration of justice. In my judgment it should be applied in this case and in all cases to promote and to provide fair trial before the jury. I believe we should reverse.

However sincere and earnest an attorney may be, and however well convinced he may be as to the integrity of his client's cause, and however fervently he may feel that his client and her cause has been mistreated, such representations to the jury as these, outside the record, cannot be justified.