Danny Wilburn SAPPINGTON, a minor, by and through his father and next friend, Wilburn Merril Sappington, Appellee,

v.

Keith P. SUTTON, Appellant.

No. 44119.

Supreme Court of Oklahoma.

Sept. 26, 1972.

Blackstock, Joyce & Pollard, William D. Nay, J. C. Joyce, Tulsa, for appellee.

Best, Sharp, Thomas & Glass, Joseph A. Sharp, Jack M. Thomas, Tulsa, for appellant.

JACKSON, Justice.

Plaintiff, Danny Wilburn Sappington, a minor, sued defendant, Keith P. Sutton, for damages resulting from injuries inflicted upon plaintiff by defendant's dog. The case was tried to a jury resulting in a verdict for defendant. After hearing plaintiff's motion for new trial the trial court vacated and set aside the verdict and judgment and ordered a new trial on the ground it was error to instruct on contributory negligence. On appeal the Court of Appeals, Division No. 1, affirmed the judgment of the trial court. For reasons hereinafter shown we reverse.

Plaintiff alleged in his petition that defendant owned and kept a vicious dog at his home in a rural area in Tulsa County with knowledge of the dog's vicious propensities, but made no effort to control the dog. The plaintiff did not allege negligence on the part of the defendant but apparently was proceeding upon the theory that defendant willfully harbored a vicious dog with knowledge of its vicious propensities. In his answer the defendant alleged that the plaintiff was contributorily negligent. Plaintiff made no objection to this pleading of the defense of contributory negligence. Instead, he put it in issue by specifically denying it in his reply. The case went to trial with the pleadings in this posture. Evidence (which we will discuss later) was introduced relating to this defense. At the conclusion of the evidence the court gave an instruction upon contributory negligence, to which the plaintiff excepted.

In sustaining the motion for new trial the court found:

"That plaintiff's motion for new trial should be sustained for the reason and on the ground that plaintiff's action was, in fact, predicated upon the theory of the harboring by defendant of a vicious animal with the knowledge of said defendant, the owner of that animal, of the vicious nature of the animal, and said action by plaintiff was not predicated upon the theory of negligence.

"That the issues of negligence and contributory negligence should not have been submitted to the jury for its consideration and that the verdict of the jury should, therefore, be set aside and held for naught, the verdict not being sustained by sufficient evidence and being contrary to the law, and for the further reason of error by the court in submitting the question of contributory negligence to the jury for its consideration."

Whether negligence and contributory negligence are the issues in an action for injuries inflicted by a dog has been a troublesome question in this, and other jurisdictions, for many years. In Tubbs v. Shears (1916), 55 Okl. 610, 155 P. 549, we said the law recognizes a right in the owner of a vicious dog to keep it for the necessary protection of life and property, but holds the owner strictly accountable for any harm resulting to another. We also said that negligence, in the ordinary sense, is not the ground for liability in an action for damages inflicted by a ferocious dog, but that the keeping of a vicious dog with knowledge of its vicious disposition fixes the liability for injuries. It is apparent from the authorities cited and relied upon in the Tubbs case that we were relying upon the rule as announced in early English cases.

In City of Tonkawa v. Danielson (1933), 166 Okl. 241, 27 P.2d 348, the plaintiff was injured by a bear which was owned and kept by the defendant. In that case, where defendant pled contributory negligence as a defense, we said:

"The early English authorities announced the doctrine of absolute liability on the part of the owner or keeper of an animal ferae naturae, for all injuries inflicted by such animal irrespective of the negligence of the owner, or of contributory negligence on the part of the injured person. May v. Burdett, 9 Q.B. 101, 115 E.R. 1213. The doctrine is now somewhat relaxed in England and in the United States. [citing authorities].

\*    \*    \*    \*    \*    \*

"Although there is some inconsistency in the later authorities, it may be said that the early doctrine of absolute liability has been modified to the extent that contributory negligence may be pleaded and proved as a matter of defense, and a verdict based on conflicting proof of contributory negligence will not be disturbed on appeal."

We fail to see any significant difference in the duties imposed upon an owner and

keeper of a wild animal (ferae naturae), and upon the owner and keeper of a dog (domitae naturae) known by the owner to be vicious and dangerous. It has been held that in each case the gist of the action is the failure to keep such animals securely, rather than the keeping of the animal with knowledge of its dangerous propensities. Benke v. Stepp (1947), 199 Okl. 119, 184 P.2d 615; Anno., 69 A.L.R. at page 501.

In Tidal Oil Co. v. Forcum (1941), 189 Okl. 268, 116 P.2d 572, plaintiff's deceased husband died after being bitten by a rabid dog owned and kept by Tidal's district superintendent on Tidal's property. Therein we said the evidence was sufficient to show that the district superintendent kept the dog with knowledge of its viciousness and that this knowledge was imputable to his company, Tidal. In the body of the opinion we said, in reliance upon earlier cases (including *Tubbs,* supra), that "the gist of the action for injury by a dog known by its owner or keeper to be vicious is generally said to be, not negligence in the manner of keeping the dog, but the keeping of it. The action is founded upon the maintenance of a nuisance * * *."

In the Tidal case the trial court rejected the proffered testimony of the district superintendent's wife that Forcum (deceased) intended to get the dog out from under the house. We said that if this offer of proof had "been accompanied by evidence showing Forcum [deceased] knew the vicious propensities of the dog, the groundwork for a defense of contributory negligence would have been laid." We supported that statement from earlier decisions of this court and R.C.L. to the effect that a plaintiff may not recover where, with full knowledge of the evil propensities of the dog, he voluntarily and unnecessarily puts himself in the way of the dog.

In Anno. (1959), 66 A.L.R.2d at page 919, it is said:

"A plaintiff bringing an action for injuries caused by a dog commonly relies on one or more of four theories of recovery—wilful misconduct, negligence, owning or harboring a vicious dog with knowledge of its vicious propensities (scienter), or statutory liability—and the defenses available to the defendant in such an action are in a certain measure determined by the plaintiff's choice of his theory of recovery."

The author of the annotation, at page 920, states that a majority of jurisdictions considering the question have held that contributory negligence is a good defense to an action based on scienter. Thus where, as here, plaintiff's action is based upon scienter the defense of contributory negligence is not precluded.

In the instant case the evidence shows that both the defendant and the plaintiff were aware of the dangerous propensities of the dog which attacked the plaintiff. The plaintiff had been at the home of the defendant on previous occasions when the dog was tied to a tree and on one such occasion attempted to pet the dog and the dog "snapped" at the plaintiff and caught the end of his finger. The defendant testified that the dog was usually tied to a tree except when he and his wife were away and his daughters were left alone. On the occasion of plaintiff's injuries, defendant's daughters were alone at home and the dog was not chained. The attack occurred as plaintiff approached in close proximity to the house. The defendant also testified that he had maintained a sign near the gate on the road leading to his property which contained the words "bad dog."

No complaint is made in this case concerning the form of the trial court's instruction on contributory negligence and it is not contended that 4 O.S.1971, §§ 42.1 and 42.2 (injury by dog), are applicable in rural areas.

We have concluded that there is no sound or valid reason for imposing a greater burden of responsibility upon the

owner and keeper of a vicious dog in a rural area than there is upon the owner and keeper of a wild animal belonging to a class which, from the experience of mankind, is dangerous. See Benke v. Stepp, supra.

In Tubbs v. Shears, 55 Okl. 610, 155 P. 549, supra, liability was imposed upon the owner for keeping a dog known to be vicious. That rule imposes a restriction upon the right to keep a vicious dog for the protection of life and property in rural areas. We think the better and more modern view is to impose liability, not for keeping a vicious dog in a rural area for protection, but for negligence in the manner in which the dog is kept. Under this view contributory negligence is an appropriate defense for consideration by the jury. City of Tonkawa v. Danielson, supra. The instant case was tried in accordance with this modern view, although plaintiff protected his record by excepting to the instruction upon the defense of contributory negligence.

In ordering a new trial the trial court found that the verdict was not sustained by sufficient evidence and was contrary to the law. In this connection the evidence shows that the plaintiff was aware that the dog was vicious. He was also aware that the dog was not chained at the usual place. He passed the sign which warned of a bad dog and approached the door of the house where defendant's daughters were alone. We are unable to conclude there is no evidence of contributory negligence. Therefore an instruction on contributory negligence was properly given to the jury.

The order of the trial court granting a new trial is reversed with instructions to reinstate the verdict of the jury and judgment in favor of the defendant.

BERRY, C. J., and WILLIAMS, IRWIN, HODGES, LAVENDER, and BARNES, JJ., concur.